Next is 24-1308, Plotch v. U.S. BNA. All right. Mr. Filosa. Good afternoon, Your Honors, and may it please the Court. Anthony R. Filosa, Rosenberg Platoon and Laitman LLP, on behalf of Plaintiff Appellant Adam Plotch. The judgment in order of the district court should be reversed. I would like to focus my presentation on why that branch of the judgment in order of the district court, which determined that the state court judgment of foreclosure and sale, to which appellant was not a party, still collaterally stopped the appellant from maintaining a quiet title action in federal court. Why that was erroneous. So it's undisputed that the state court twice denied the respondent's motion to bind the appellant, again, who was a non-party to the state foreclosure action, to a default judgment previously rendered in that state court action. So it's a bedrock principle of due process that one is not bound by a judgment in a litigation to which he's not designated a party. I suppose you've heard a little bit in our arguments earlier today about the unless there's privity. Correct. Which I will turn my attention to, I guess, in the foreclosure context, where a person with an interest in the realty, and it's undisputed that Mr. Plotch was the fee owner at the relevant time, is not made a party to a state court foreclosure. That judgment of foreclosure is ineffectual as against the omitted party's interest. So, ineffectively- May I just ask, because this may help me follow your argument. When Mr. Plotch purchased at the foreclosure sale that he purchased on, did he purchase subject to the mortgage on the property? Correct. Yes, it was subject. The mortgage was of record. We're not disputing that the mortgage was of record. So, he is now the obligor on that mortgage from the time that he purchased this? No. No. Help me out. Merely purchasing subject to a conveyance does not stop a party from contesting the validity. All right, but he's got a subordinate interest in it? I mean, I'm trying to figure out when you say he did take it subject to the mortgage, what you understand that to mean. Meaning that the mortgage was an encumbrance of record, which we do not dispute, but it does not stop Mr. Plotch from contesting the validity, or better still, more particularly here, asserting that the statute of limitations barred the enforcement of that mortgage. All right, why don't we let you- I just wanted to know what your position on that was. I interrupted your argument. Certainly. So, in essence, by the federal district court according preclusive effect to those state court judgments, the federal court essentially violated Rooker-Feldman because they accorded the respondent the relief that the state court denied them twice. The state court unequivocally, in final unappealed orders of the state court, said no, Mr. Plotch cannot be bound by adjudications made in a case to which he was not made a party. So, in fact, the respondent's brief here is replete with admissions that Mr. Plotch would not be bound by the state court judgment of foreclosure. I mean, we itemized them at page one of our reply brief. Again, quote, respondent's brief at two. The foreclosure judgment is void as to him, him being Mr. Plotch. Respondent's brief at two. While his rights may be unaffected by the foreclosure judgment. Indeed, in successfully restoring the state court foreclosure action, which had been dismissed for neglect to prosecute, the respondent affirmatively represented to the court, to the state court, that if the case is restored in Mr. Plotch's absence, Mr. Plotch would not be bound by any judgment rendered in the state court. Right, so let's assume, and we've read McWhite, you cited in your brief, and let's assume you persuade us, and that may or may not be true, but persuade us on the preclusive effect. I'm mindful of the time, and the district court did have an alternate concern about quieting title in the context of a state of affairs in which there was at least a plausible 1503 re-foreclosure right that would potentially defeat your client's title, or at least it wouldn't defeat your client's title. It would give your client an opportunity to redeem or to challenge the foreclosure. Why isn't that an independently sufficient basis for declining to quiet title, at least at this juncture? Because a theoretical claim to re-foreclosure doesn't preclude an already ripe action to quiet title. Let's just frame the pleadings here. Re-foreclosure under New York law by statute, RPAPL 1503, is a cause of action under New York law. That cause of action, there was no re-foreclosure cause of action pled before the district court, so I guess the mere incantation of the legal conclusion, well, we can or we may eventually foreclose if we get a judgment, could not defeat an already ripened quiet title action. The quiet title action had already ripened because the statute of limitations was triggered by the 2008 action. That accelerated the debt, and more than six years had elapsed without the interposition of a foreclosure action against Mr. Plotch. Well, there's, I mean, I take it what is at issue here, and maybe I'm mistaken, maybe your claim is more ambitious, is I thought the issue before us was whether Mr. Plotch is entitled to maintain a quiet title action, right? Correct, yes. That's a different thing than whether the district court is obligated at this moment to grant some kind of automatic judgment. Ultimate relief. Quieting title, right? That's the relief that you seek in this action. Is there anything that would prohibit the bank from asserting a re-foreclosure claim as a counterclaim? There would not as a matter of pleading, and I agree with your honor that the ultimate relief we seek here at a minimum is that the district court erred in effectively shutting the federal court doors to the quiet title claim. In other words, what you are asking is that the door be opened. Correct. That you've gotten here, you came to the federal court, you asserted that the statute of limitations had run and the mortgage did not any longer have effect, and that therefore the court should quiet your title and dispense with the foreclosure. I take it that leaves the bank free to argue that you're wrong about the statute of limitations. Are they also not free to say, oh, wait, we are independent of the statute of limitations because the re-foreclosure right is not limited by the statute of limitations, as I understand it. We want to assert that now, and then you can fight about that in the federal court. Absolutely correct, Your Honor. And at the end of the day, the federal court decides, in this rather peculiar circumstance where two different state courts granted foreclosure on two different parties' arguments of liens and mortgages and then sold the property to two different people, somehow or other the merits of that can get thrashed out in a quiet title action, and because of diversity of citizenship that can be done in federal court. Is that what you're telling us? That is correct, Your Honor. Would another way to approach this, and I'm asking this as to whether it's possible. You've got your quiet title action. If we assume that the statute of limitations did not bar that, could the district court stay its consideration of your quiet title action pending resolution of the reforeclosure action in state court on the theory that it's a question of New York law, let New York courts decide it? Absolutely, Your Honor, provided that, again, my point one, so much of the district court judgment that ruled that we are precluded under collateral estoppel from asserting a quiet title is reversed. But I would agree that the state court is the more appropriate forum because there actually is a state court action pending where we've asserted a quiet title, where the respondent has actually pled a reforeclosure action, not merely asserted the theoretical possibility of a reforeclosure action. So, yes, for those reforeclosure action pending now, right? There is a reforeclosure action pending now, right? Correct. What I'm having difficulty with, and, again, this may reflect some ignorance of New York law on this subject, is assuming the bank were to succeed on its reforeclosure action, what does that do to your quiet title action? Is that the end of it, or am I missing something? If they are successful in their reforeclosure action. Yes, a successful reforeclosure would preclude a quiet title on the basis that under New York substance of law, reforeclosure is a means of extinguishing an interest of a person who was omitted from a foreclosure action, of extinguishing an interest of a person whose interest wasn't extinguished by the underlying foreclosure. Okay, so having clarified that for me, which I appreciate, why do you want to be in the federal court action? Why don't you just go and litigate the reforeclosure action and get either a victory or an adverse decision? What am I missing about the practicalities here? Well, I guess the concern here, laying the cards on the table, Your Honor, is we have an adjudication of the district court, which may be read to say that we are collaterally stopped from asserting a quiet title action, which would cut us off at the knees in state court. Right, and indeed, at the time the district court did that, there was no reforeclosure action pending. Correct. That was filed later. Correct. So you're here saying, first of all, you had the right to be where you were at the time that you were there, so the district court erred, and you are also asserting the desirability from your standpoint in avoiding your being collaterally stopped, which is kind of what the district court said you were. And so for all of those reasons, you're urging us to vacate the district court's judgment, but it sounds to me as if you have no problem with our including in that order, if we agree that it's appropriate, that, of course, this is without prejudice to the district court. Now that this thing is pending in the state courts, it's up to the district court whether to continue the case here or to stay it and let the thing go forward in state court. Absolutely, Your Honor. We would effectively actually, going one step further, consent to a stay because, for the interest of judicial economy, it's an issue of state law. You'd rather be in state court anyway. I don't think we're hurting the district court or the federal judiciary's feelings by adjudicating state court claims in state court. Never hurt. We never have a—I guess maybe sometimes when people go to arbitration, I think, why aren't you coming here? But by and large, we don't need the business. We've got plenty of business. Correct. For that reason and for the reason that we have fully-fledged pleadings in the state court where the parties are asserting their claims merely as opposed to theoretical rights that may or may not ripen in the future. What's the status now of the—because that was filed in 24. What's the status of the state court action? Parties have just joined issue, but there's no dispositive motion pending. There was a discovery scheduling order issued earlier this month, so it's in its infancy. Okay. Very good. I think we'll have an opportunity to hear from you again. Let's hear from— Thank you for clarifying a number of matters. Thank you. Thank you. Attorney Steffandl? Steffandl. Steffandl. Thank you. Most people do pronounce it the way that you do. Anyway, good afternoon, Your Honors. Margaret Steffandl of Hinshaw & Culbertson for the Defendant Appellee U.S. Bank National Association. I would like to point out an argument that we made in our briefs, and I think it touches upon my adversary's arguments here today. The quiet title action, at best, was premature. Mr. Filosa argued that the quiet title claim had ripened. U.S. Bank says, no, it did not, because there's three components to the quiet title claim, which is that the statute of limitation has expired, that the person asserting the claim has an estate or interest in the property, and that there is no foreclosure action pending at that time. Well, the latter two were both true, right? At the time the district court acted, they asserted an interest in the property, and there was no re-foreclosure action pending, was there? Actually, I disagree, Your Honor. The 2008 foreclosure action was restored by order in June of 2020. The quiet title action was not filed until November of 2021. But the foreclosure action that was reinstated did not name Mr. Plotch. It did not, and he could not have been named at the outset of the 2008 foreclosure action. But once he acquired the property, your obligation was to join him in the action. We tried. And he opposed. And he opposed. And so we have an interesting situation here where Mr. Plotch has been aware of the 2008 foreclosure action and sort of tried to involve himself, kind of meddle in that action, without actually intervening. Well, as a pro se litigant, he resisted being made a party, and then did he have counsel by the time he came in? Yes. His initial pleading, I believe, well, actually, no, let me back up. In the 2018 action, where he was actually named as a defendant after the 2008 action was dismissed, Mr. Plotch appeared pro se and filed his own answer and then an amended answer and then later got counsel within the 2018 action. It's my understanding that at all times in the 2008 action, he was represented by counsel. And so you have now, when the 2008 action is restored and U.S. Bank moves to confirm the referee's report and for judgment of foreclosure and sale, Mr. Plotch opposes that motion and also tries to cross-move to dismiss based on the statute of limitations, but he never seeks to intervene. And so for that reason— But he doesn't have to intervene. Can I ask something more fundamental because maybe this is all about my ignorance of New York property law. We don't have to deal with that that often. When you say for the quiet title action to ripen, isn't what you're really saying that he should lose on his quiet title action because he doesn't satisfy that first criterion? Not that he should lose. I think that he just brought it too soon. He brought it too soon to win. Does that mean he brought it too soon so it should be dismissed on the face of it? Because it seems to me these are contestable issues. These are sort of what he has to do in order to quiet his title. That doesn't say that his action is somehow unripe. It's just maybe it's wrong. Perhaps, but I do note that within the reforeclosure action, which has now been commenced, Mr. Plotch has asserted as counterclaims in that action, the same claims that he affirmatively asserts here to quiet title. And he's agreed that that's the forum in which he wants to fight these issues. As does U.S. Bank. Exactly. So why isn't what Mr. Pelosi has suggested entirely acceptable to everyone? Because the only thing I can see that you might be arguing that would not make that acceptable is if you are arguing that he is in fact bound by collateral estoppel and that you are going to argue in the state court proceeding that the district court here has already held that he is collaterally estopped from pursuing his quiet title claim. Is that a position that you think that would be a correct statement of law? That would be a correct statement of law. U.S. Bank has not made any determination on pursuing that. We did assert in our reply to counterclaims, we assert an affirmative defense based on collateral estoppel and raise judicata to preserve that argument. But that's collateral estoppel based on the state court action, right? The various foreclosures. No, it would be based on this federal quiet title action. So that is what we have to decide, right? I understand. That is the only issue that is really in dispute between the parties is whether the district court here correctly decided that Mr. Plotch is bound by collateral estoppel by the results of one or another of the state proceedings that took place before he brought his federal quiet title action. So if Mr. Plotch agrees that this should all play out in state court, then he should voluntarily discontinue this quiet title action. No, no, no, no, no, no, no. I'm sorry. Wait, wait. No, no, no, no. Let me be very clear about what I'm saying. I'm not saying anything about whether, and I think Mr. Filosa is not saying, that somehow you can't raise collateral estoppel in the state court based on the prior state court proceedings and fight that out in state courts. What he is saying is that as far as the federal court is concerned, the federal court's decision that collateral estoppel bound him was wrong. And you want to fight that out here. You want us to decide that question. Okay. So on that issue about whether Mr. Plotch is or is not bound by the judgment of foreclosure that came out of the restored 2008 foreclosure action, what the district court said is that Mr. Plotch's interest arose from the interest of a party that was a named defendant and appeared and litigated in the 2008 action, and that's the condo board. So it was not that Mr. Plotch was brought in because he somehow replaced Mr. Chavez, the mortgagor, it was because Mr. Plotch acquired his interest from the condo board. But he didn't actually, did he? He bought it from the court. I mean, the condo board has an interest only in this property to the extent of the unpaid common charges. So that's why they foreclosed on that lien. He didn't just get, he didn't inherit that interest of the board. He's not claiming that he bought the right to the common charges. Because of the lien, the property was sold. He takes the title. He takes it, I guess, subject to the mortgage, we've heard, whatever that is interpreted to mean. But the board then satisfies its claim to the common charges out of the foreclosure proceeds. I don't see how he inherits their interest at all. But he's in, what the district court had said was that he's in privity with the condo board because that's how he got his interest. He's not a mortgagor. He was not involved. Well, but that, I mean, someone who's a total stranger to the condo board, a total stranger to the mortgage, a total stranger to the property, who goes to an auction where a court has decided that this has to be sold to satisfy the condo board's issues. Okay? It's sold. He buys it. Part of that money goes to the condo board to satisfy its claim. The rest, I don't know where it goes. Maybe to the bank. Maybe to Chavez. I don't know. But he doesn't have anything to do with any of that. He's just buying the entire property from the court, which has acquired it, in order to satisfy that little lien. I don't see how he, how does he get to be in privity with the condo board? They provoked the whole problem in court, but the interest that he acquires goes far beyond and is totally independent, really, of the interest that the condo board had, which was just an interest in getting paid for its common charges. Well, we argue that he's not a complete stranger because of that connection, if you will, because it came from the condo board. And that's why we cite it to the East Fork funding case, which is out of the Eastern District of New York, and, again, dealing with a state court foreclosure claim. So you have East Fork getting its interest in the property after the underlying foreclosure action was commenced. So, again, Deutsche Bank, who is the foreclosing plaintiff there. And you'd really rather that we decide these complicated issues of New York law rather than just having the parties agree that they're going to litigate this thing, they're going to vacate this judgment in the district court and litigate the whole thing, including whatever collateral estoppel effects under New York law apply to the New York judgments, and do it there. You don't want to do that. You want us to decide this, and maybe we might want to send it to the New York Court of Appeals to answer the New York law questions, and then you'll all be spending your money in another set of briefing in the New York Court of Appeals. Does this make any sense at all? No, Your Honor, because this is a state court issue. It arises from state court statutes. All of these actions should have been brought, including Mr. Plotch's quiet title action, should have been brought in state court. Well, he was entitled to bring it in federal court. You're not saying that federal court doesn't have jurisdiction? The better course of action would have been to bring it in. Here's the puzzle as I see it. We have this preclusion ruling from the district court, and then we have the 1503 alternate ruling. That 1503 alternate ruling and how that interacts with the quiet title claim and the statute of limitations argument are teed up in the New York court, got both of them right in front of it. They're the right people to decide that, but we've got this preclusion ruling. If we reach it on the merits, we're either going to say the court was right, in which case you're probably going to argue the benefit of the preclusive effect of that ruling in the New York court, or we'll say, no, the district court got it wrong, and I assume in that case your colleague will invoke the preclusive effect of that. And I'm trying to figure out how to get that issue in front of the New York court rather than either of you sort of carrying our decision in there, and it seems like your mutual agreement would be one way to do it, a stay or something like that. A stay would probably be the most reasonable matter to wait until everything plays out in the state court and then have the district court. But that requires us to find first that the court's collateral estoppel argument or decision is not sound, right? That portion, yes. Well, let me ask you about that then. The judgment that is the basis for the court's ruling is the ultimate May 3, 2003 decision by the state court, right? The foreclosure decision? The 2023 judgment, Your Honor, yes. Okay. Now, if I understand it correctly, the state court there has a cross motion by Mr. Plotch, and it's not that it refuses to deal with it. It finds that he failed to intervene here, and he previously opposed U.S. Bank's application to have him joined in this action. But that's its ruling based on his trying to bring in a motion. It was your obligation to bring him in as a party here, and I'm not sure why at the reopening stage you didn't do that. I can speak to that, Your Honor. So in the motion to restore the 2008 action, U.S. Bank also sought the relief to bring Mr. Plotch into that action by trying to substitute him for Mr. Chavez, who, as Mr. Pelosi pointed out, was- Right, and you lost that because Chavez was not who transferred the order to him. But once he purchased the property at the old foreclosure sale, my understanding of New York law, and please correct me if I'm wrong, is that then you could have joined him as a party because he's the one who's got the interest in it as a result of his purchase. Yes, Your Honor. And you never did that. That was not attempted, and I cannot speak to why that decision was made. How do you argue that he's bound by the decision and that somehow he's stopped from bringing this quiet title action? Because he himself has an opportunity to, again, as the East Fork court had pointed out, he can't just sit back and kind of roll the dice to see what's going to happen in the 2008 action and then later complain about the consequences there. He had an opportunity, and while I do understand that there's case law that says he's not required, if he's going to protect his interest now that he's acquired in 2016, he has an opportunity to come in on his own. My concern with that is you're saying he had an obligation. Certainly a party who is a party to an action has an obligation to bring all the claims he's got at that time. But you tried to bring him in, and the court said no because you erred in ascribing to him successor interest to Mr. Chavez. He tried to come in on a motion, and the court said no, I'm not hearing you on the motion because you failed to oppose. Anyway, one way or the other, he's not heard in the state court at all. This isn't a case where he's heard on one claim and then fails to bring another. Right, and I just wanted to clarify, Your Honor, Mr. Plach had the opportunity to intervene. I did not say that he was obligated to. But how is a failure to intervene a ground for collateral estoppel? Because he's asking for relief in the state court. He tries to have it dismissed on the statute of limitations. But he didn't get that because the court said no, you're not here. You're not a party here. So he's not there. Right. And by the way, wasn't there also another occasion on which you tried to bring him in while the you had another, the 2018 foreclosure action against him directly? Yes. And at a certain point, didn't he try to stay out of the 2008 case by saying, no, this is duplicative of the other case? Yes. And at some point you dropped that other case. So what happened, when the 2018 action was commenced, about six, a little bit less than six months later, U.S. Bank then files an order to show cause for leave to file a motion to restore the 2008 action in the 2008 action. That's granted. That relief is then granted a few months later. And then about six months after that, U.S. Bank does actually move to restore the 2008 action. And its first go around, the court denied it. So then they filed a motion to re-argue that motion. And then the trial court, the New York state court, said, yes, you can restore this 2008 action. Now, that's in June of 2020. About six months later, then and only then, because the 2008 action has been restored, U.S. Bank moves to voluntarily discontinue the 2018 action. Yeah. And at that point, Mr. Plotch then cross-moves to dismiss the 2018 action based on the statute of limitations or other arguments. And the court grants discontinuance. And it says specifically because plaintiff, meaning U.S. Bank, established discontinuance of this action is warranted as a prior 2008 action has been restored to active status by court order dated June 29, 2020. So it's only because of the restoration of the 2008 action that the 2018 action in which Mr. Plotch was a named defendant then goes away. This all hurts my head. Mine, too, Your Honor. But at the same time, you know, I could imagine a couple of outcomes. Well, at least three in this court. One is we decide that the district court was right to collaterally stop Mr. Plotch. That would be a great outcome for you because I take it you would then go to the state court and say that's all settled now. And he is barred doubly by the collateral estoppel from the state case. And he's barred from contesting that that was correct argument because we already decided that one. We could say the district court was wrong. And then Mr. Plotch has a great victory that he can take back to the state court. Or I suppose there is at least some theoretical possibility. We could say, well, the district court isn't right because the record wasn't fully developed or there was wrong reasoning. And we can send it back and the district court can think about it again or just stay his hand. In which case, all that would probably happen is you'd all go to state court and litigate it. And I'm having a little trouble wondering why out of those three options or those three possible outcomes, either party thinks it's really in their interest to duke it out here and have a bunch of ignoramuses about New York State property law, New York State collateral estoppel law, which is actually what controls here anyway, right? It's not a federal issue. It's a state judgment. So the question is a question of state law as to who is bound by what things that happened in the New York State courts. And I would just submit to you that if you think that that middle option is actually probably about as good as you can hope for, maybe you can just settle it on that ground, agree to vacate the district court's judgment. And with whatever terms Mr. Pelosi already has agreed to, really, that nobody wins in federal court. And we're just now going to duke out the issue of reforfeiture and quiet title in the state courts where everybody thinks it belongs. It certainly sounds to me by listening to Mr. Pelosi today that the sides agree that this should all be duked out in the state court. So why don't you, you know, look, I'm an old district judge, so I think about how to settle cases sometimes. I don't know. I can't speak for my colleagues. Maybe they have very different views on all of this. And the most I can ask is maybe if the presider would give you all a week to think about it and decide whether you can settle this federal case on those grounds and then let us know if that happens. And if it doesn't happen, then we just have to decide the case. And we've heard plenty of arguments and read plenty of briefs. And we're all smart people, albeit ignorant. This is about state property law and state collateral estoppel law. And we will do our best to come up with an answer. To be clear and to make sure that I understand, a week to try to settle as far as agreeing to put this back before the state court? Yeah, basically to vacate the district court judgment and litigate the issues of reforfeiture and quiet title in the state court. Once we decide this case, it's very likely that one or the other of you will take our decision as to the preclusive effect of the 2008 foreclosure judgment back to state court and say any arguments are built in there about preclusion are decided by our case. We're trying to give you the opportunity to let the state court make the preclusion decision itself. And that would require us not to weigh in on the subject, which would require you all to make some decisions about whether you want us to move forward to resolve this appeal. And we appreciate that, Your Honor. Thank you. That means that you probably want to explore a settlement that doesn't have any preclusion effect of what's happened in federal court, but that also does not preclude the plaintiff from bringing a quiet title action were he to succeed in state court, unless we might bring it just in state court, which would make sense. But in other words, that the settlement of this wouldn't preclude him from seeking a quiet title if the reforeclosure did not go in favor of your client. He's already got his state court quiet title action pending, married with the foreclosure action. Yes, he's asserted the quiet title claim in the reforeclosure action, so it could all conceivably be determined within that one action that's already pending. But there wouldn't be an argument that by abandoning quiet title here, he couldn't raise it in state court. I'm sure we could probably come to an agreement to that effect. Thank you. I guess we'll give Mr. Floss an opportunity to tell us his thoughts after all of this exchange. Thank you, Your Honors. Just three very brief points. Piggybacking on what Judge Rogge discerned, this court has ruled a non-party has no obligation to intervene. I'm referring to the Staten Island Railroad Transit Operating Authority case 718F2nd 533. Nor do we find convincing appellants' assertion that the non-party's opportunity to intervene binds them to the judgment issue. So, again, it's the plaintiff's affirmative obligation, if you want to bind a non-party, to join that party. And I use the word join because Your Honor used the word join, and that's not mere happenstance. What the plaintiff should have did in the foreclosure action but didn't was move to join. Instead, it tried to have its cake and eat it, too, by moving to substitute. There's an appreciable difference in New York practice, as there is in federal practice, between substitution, because substitution binds you, a non-party, to the case as it was where it left off. So, essentially, by attempting to substitute Mr. Plotch, they were effectively muzzling him to a default that had already been rendered against the party that Judge Lynch rightfully determined we had no privity with. We have no privity with the condominium. The condominium was owed a debt, had a lien, personal property. That lien was foreclosed. The foreclosure extinguished that lien. We acquired fee title. So we have no privity with the condominium. Lastly, I would just note the only foreclosure action that was interposed against Mr. Plotch was the 2018 action, which was discontinued with prejudice. So the irony here is if there is a collateral estoppel to be applied, it arguably should be applied against the plaintiff. But I guess that's getting into the whole enchilada, which is for a question for a larger day, a question better adjudicated in state court, where I would agree, I guess we can discuss this offline, the theory would be to stipulate to vacate the district court order and judgment, stipulate to dismiss without prejudice the federal court quiet title with an emphasis on without prejudice, and we could pick up this fight in state court where the pleadings are fully formulated. I think it's up to you all what you agree to. I don't think we'll get into the weeds of what it looks like, and obviously anything you submit we'd have to review and approve. But I appreciate your willingness to think about alternate approaches, and we will in the meantime hold this for at least a week until, and if we haven't heard from you, then we're going to move ahead in the ordinary course. Thank you, Your Honor. Thank you both. That concludes today's hearings.